Robert P. Goe - State Bar No. 137019
Ryan S. Riddles – State Bar No. 298745
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
rriddles@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Steven M. Speier, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re | Case No. 6:17-bk-15912-WJ |
| NAPTIME HOME CARE, INC., | Chapter 7 |
| Debtor. | Adv. Case No. 6:19-ap-_____-WJ |
| CHAPTER 7 TRUSTEE, STEVEN M. SPEIER, solely in his capacity as duly appointed Trustee for the bankruptcy estate of NAPTIME HOME CARE, INC., | **COMPLAINT FOR:** |
| Plaintiff, | 1. **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS;** |
| vs. | 2. **AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFERS;** |
| MARK P. HICKS, an individual, | 3. **AVOIDANCE AND RECOVERY OF PROPERTY OF THE BANKRUPTCY ESTATE;** |
| Defendant. | 4. **PRESERVATION OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. SECTION 551; AND** |
| | 5. **RECOVERY OF IMPROPER SHAREHOLDER DISTRIBUTIONS** |

1  The Chapter 7 Trustee, Steven M. Speier of the estate of Naptime Home Care, Inc.
2  ("Trustee" or "Plaintiff"), for his Complaint herein alleges as follows:

### JURISDICTION AND VENUE

4  1.  This adversary proceeding arises in and relates to Bankruptcy Case No. 6:17-bk-
5  15912-WJ, In re NAPTIME HOME CARE, INC. dba Hopsons NHC Medical Supply ("Debtor"),
6  which was commenced by the filing of a voluntary chapter 7 petition on September 15, 2017
7  ("Petition Date").

8  2.  Steven M. Speier is the Chapter 7 Trustee of Debtor's estate.

9  3.  The bankruptcy estate created pursuant to Bankruptcy Code section 541 includes
10  certain property including, but not limited to, monetary transfers.

11  4.  Debtor is a California corporation and is the debtor in the bankruptcy case number
12  6:17-bk-15912-WJ whose business address was 74850 Joni Drive, Suite F, Palm Desert,
13  California 92260.

14  5.  This Court has jurisdiction to adjudicate the issues raised in this adversary
15  proceeding under 28 U.S.C. § 1334.

16  6.  This action is a core proceeding under 28 U.S.C. § 157(b).

17  7.  This adversary proceeding involves property worth more than $1,000 and does not
18  involve a consumer debt. Venue in this judicial district is appropriate under 28 U.S.C. § 1409(a)
19  and/or (c) because Debtor's bankruptcy case is pending in the Central District of California.

20  8.  To the extent Trustee asserts claim under 11 U.S.C. § 544, Trustee is informed and
21  believes and based thereon alleges that there exists in this case one or more creditors holding
22  unsecured claims allowable under 11 U.S.C. § 502 or not allowable under 11 U.S.C. § 502(e), who
23  can avoid the prospective transfers as set forth hereinafter under California or other applicable
24  State or Federal law.

25  9.  Pursuant to Federal Rule of Bankruptcy Procedure 7008, Trustee consents to the
26  entry of final orders or judgment by the Bankruptcy Court.

27  ///
28  ///

**GOE & FORSYTHE LLP**
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

- 2 -

## THE PARTIES

10. Steven M. Speier is the duly appointed Chapter 7 Trustee of Debtor's estate.

11. Defendant Mark P. Hicks ("Defendant") is an individual believed to reside in the County of Riverside, State of California. Defendant is and/or at all times relevant hereto was the sole shareholder, director, and officer of Debtor.

## GENERAL ALLEGATIONS

12. The allegations contained in paragraphs 1-11, inclusive, are realleged and incorporated herein by this reference, as though set forth in full herein.

13. Prior to the Petition Date, Defendant caused Debtor to make numerous transfers in the aggregate amount of at least $193,030.50 (the "Pre-Petition Transfers").

14. The Trustee is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made to or for Defendant's own use and/or to the benefit of Defendant's family members.

## FIRST CLAIM FOR RELIEF

**[To Avoid and Recover Fraudulent Transfers Pursuant To 11 U.S.C. §§ 544 and 548 and California Civil Code §§ 3439.01 through 3439.07]**

15. The allegations contained in paragraphs 1-14, inclusive, are realleged and incorporated herein by this reference as though set forth in full herein.

16. The Trustee is informed, believes, and based thereon alleges that the Pre-Petition Transfers were made within four (4) years of Debtor's filing of its bankruptcy petition.

17. The Trustee is informed, believes, and based thereon alleges that Defendant failed to provide consideration or reasonably equivalent value to Debtor in exchange for the Pre-Petition Transfers.

18. The Trustee is informed, believes, and based thereon alleges that Debtor intended to incur, or believed, or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due, and that the Pre-Petition Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of the Pre-Petition Transfers.

///

19. By reason of the foregoing, pursuant to 11 U.S.C. § 550, the Trustee may avoid and recover the Pre-Petition Transfers to Defendant.

## SECOND CLAIM FOR RELIEF

**[Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant To 11 U.S.C. §§ 502(d), 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.08, 3439.09]**

20. The allegations contained in paragraphs 1-19, inclusive, are realleged and incorporated herein by this reference as though set forth in full herein.

21. The Trustee is informed, believes, and based thereon alleges that Debtor's present creditors remain unpaid as of the Petition Date.

22. Debtor caused the Pre-Petition Transfers to be made within two years of the Petition Date.

23. The Pre-Petition Transfers were made either in anticipation of bankruptcy and/or to prevent Debtor from paying its debts.

24. The Pre-Petition Transfers were made for the purpose of preventing a prospective bankruptcy trustee and/or creditors of Debtor from obtaining the value of the Pre-Petition Transfers.

25. The Pre-Petition Transfers were made with the actual intent to hinder, delay, or defraud creditors, including the Trustee.

26. The Pre-Petition Transfers were fraudulent transfers avoidable under Bankruptcy Code sections 544, 548 and California Civil Code sections 3439.04, 3439.07, 3439.08 and 3439.09. The Trustee may recover for the benefit of the estate the Pre-Petition Transfers, or the value of the Pre-Petition Transfers, from Defendant, or any immediate or mediate transferee of such initial transferees pursuant to 11 U.S.C. § 548, 550, and 551.

## THIRD CLAIM FOR RELIEF

**[To Avoid and Recover Property of the Bankruptcy Estate Pursuant To 11 U.S.C. § 542]**

27. The allegations contained in paragraphs 1-26, inclusive, are realleged and incorporated herein by this reference as though set forth in full herein.

28. The Trustee is informed, believes, and based thereon alleges that Defendant is in possession of the money received through the Pre-Petition Transfers. In essence, Defendant drained Debtor of its assets without providing any consideration to Debtor.

29. As the Pre-Petition Transfers are property of the estate pursuant to 11 U.S.C. § 541, pursuant to 11 U.S.C. §§ 542 and 550, Trustee demands turnover of the Pre-Petition Transfers and/or the value of the Pre-Petition Transfers.

**FOURTH CLAIM FOR RELIEF**

**[Preserve Avoided Transfers Pursuant To 11 U.S.C § 551]**

30. The allegations contained in paragraphs 1-29 inclusive, are realleged and incorporated herein by this reference as though set forth in full herein.

31. The Trustee preserves any and all avoided transfers set forth in the Claims for Relief set forth herein for the benefit of the estate pursuant to 11 U.S.C. § 551.

**FIFTH CLAIM FOR RELIEF**

**[Recovery of Unauthorized, Improper Distributions to Shareholders Pursuant to California Corporations Code Sections 500 and 501]**

32. The allegations contained in paragraphs 1-31 inclusive, are realleged and incorporated herein by this reference as though set forth in full herein.

33. The Pre-Petition Transfers were distributions to Defendant as Debtor's sole shareholder.

34. The Pre-Petition Transfers were unauthorized and improper distributions to a shareholder in violation of California Corporations Code sections 500 and 501.

35. Defendant was aware of the financial condition of Debtor at the time of the Pre-Petition Transfers and had knowledge of facts indicating the impropriety of the Pre-Petition Transfers.

36. By reason of the foregoing, Defendant is liable to the estate for the value of the Pre-Petition Transfers.

///

///

**PRAYER**

WHEREFORE, Trustee prays for judgment on the First Claim for Relief as follows:

1. For avoidance and recovery by the Trustee against Defendant of the Pre-Petition Transfers;

WHEREFORE, Trustee prays for judgment on the Second Claim for Relief as follows:

2. For avoidance and recovery by the Trustee against Defendant of the Pre-Petition Transfers;

WHEREFORE Trustee prays for judgment on Third Claim for Relief as follows:

3. For turnover of the Pre-Petition Transfers, or the equivalent value of the Pre-Petition Transfers, or in the alternative, for monetary damages;

WHEREFORE Trustee prays for judgment on Fourth Claim for Relief as follows:

4. For preservation of any and all avoided transfers for the benefit of the bankruptcy estate.

WHEREFORE Trustee prays for judgment on the Fifth Claim for relief as follows:

5. For Judgment against Defendant in the amount of at least $193,030.50 plus interest on such sum until paid.

WHEREFORE, Trustee prays for judgment on All Claims for Relief as follows:

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 11, 2019        **GOE & FORSYTHE, LLP**

By: /s/Robert P Goe
    Robert P. Goe
    Attorneys for Steven M. Speier,
    Chapter 7 Trustee